IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN CARLOS MANZANO-HUERTA,<br><br>Defendant. | Case No. CR14-2011<br><br>ORDER DENYING MOTION FOR BILL OF PARTICULARS |

This matter comes before the Court on the Motion for Bill of Particulrs [*sic*] (docket number 23) filed by the Defendant on May 2, 2014, the Resistance (docket number 28) filed by the United States on May 9, and the Reply (docket number 29) filed by Defendant on May 12. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## *I. RELEVANT FACTS*

On February 19, 2014, Defendant was charged by criminal complaint with harboring an alien.[1] In the accompanying affidavit, it was alleged that Defendant transported, employed, and provided housing for Elvin Alberto-Monge, despite Defendant's knowledge that Alberto's identification cards were "fake." Defendant appeared in court on February 27 and was released on conditions.

On March 18, 2014, a grand jury returned an indictment in the instant action, charging Defendant with one count of harboring, encouraging, and inducing an alien to reside in the United States in violation of law. The indictment charged that Defendant, despite knowing that Alberto-Monge had come to the United States in violation of law, or

---

[1] *See United States v. Juan Manzano*, No. 1:14-mj-00052-JSS (N.D. Iowa).

in reckless disregard of that fact, did transport, harbor, and encourage Alberto-Monge in violation of the law. Defendant entered a written plea of not guilty and trial was scheduled for May 19, 2014.

On April 23, 2014, a grand jury returned a superseding indictment, adding four additional counts. Count 1 remained unchanged. Counts 2 and 3 added additional charges of harboring, encouraging, and inducing an alien to reside in the United States in violation of law. Count 2 identifies Dennis Ortiz-Flores as the affected alien, with Count 3 identifying Israel Rodriguez. Count 4 charges Defendant with conspiracy to transport, harbor, or encourage illegal aliens to reside in the United States:

### COUNT 4

During 2012 and 2013, in the Northern District of Iowa and elsewhere, defendant, JUAN CARLOS MANZANO, did knowingly and unlawfully combine, conspire, confederate and agree with persons whose names are known and unknown to the Grand Jury to commit the following crimes against the United States:

(1) knowing and in reckless disregard of the fact that one or more alien(s) had come to, entered, and remained in the United States in violation of law, to: transport and move the alien(s) within the United States, in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(l)(A)(ii);

(2) knowing and in reckless disregard of the fact that one or more alien(s) had come to, entered, and remained in the United States in violation of law, to: harbor the alien(s), in violation of Title 8, United States Code, Section 1324(a)(l)(A)(iii); and

(3) knowing and in reckless disregard of the fact that one or more alien(s) had come to, entered, and remained in the United States in violation of law, to: encourage and induce the alien(s) to reside in the United States, in

violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, a conspirator committed and caused to be committed one or more of the overt acts described below:

1. Counts 1, 2 and 3 above are incorporated herein as separate overt acts.

2. Undocumented aliens were transported to Iowa.

3. Undocumented aliens were employed to build grain bins by Manzano Grain Bin Services (MGBS), LLC.

4. Vehicles used in the MGBS business were registered in the MGBS name.

5. Undocumented aliens were transported to and from work for: MGBS in vehicles registered to MGBS.

6. Undocumented aliens were provided motel rooms as needed when working for MGBS.

7. Undocumented workers were paid for work performed for MGBS. This was in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).

In Count 5 of the Superseding Indictment, the United States charges Defendant with money laundering in relation to the purchase of a vehicle with funds which Defendant allegedly knew "represented the proceeds of some form of unlawful activity."

Because of the superseding indictment, the trial was continued to July 7. On May 2, Defendant timely filed the instant motion for a bill of particulars. Defendant asks the Court to order the Government to file a "list of the names of all known, but unindicted

3

co-conspirators," arguing that "Defendant should not be in the position of having to guess what the government is alleging." The Government resists Defendant's motion, arguing that expanded discovery provided pursuant to the parties' agreement and the Court's Order make a bill of particulars unnecessary.

## II. DISCUSSION

FEDERAL RULE OF CRIMINAL PROCEDURE 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.'" *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (quoting *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002)). "Acquisition of evidentiary detail is not the function of the bill of particulars." *United States v. Matlock*, 675 F.2d 981, (8th Cir. 1982) (quoting *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968)). "The granting or denying of a bill of particulars lies within the broad discretion of the trial court." *United States v. Arenal*, 768 F.2d 263, 268 (8th Cir. 1985).

In *United States v. Davis*, 2011 WL 1885529 (N.D. Iowa, 2011) (C.J. Reade), this Court recognized that "[t]here is a split of authority regarding whether a motion for a bill of particulars is the proper procedure to ascertain names of unindicted coconspirators." *Id.* at *3. In *United States v. Barrentine*, 591 F.2d 1069 (5th Cir. 1979), the Court concluded that "[a] bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses." *Id.* at 1077. On the other hand, the Court in *United States v. Griffith*, 362 F. Supp. 2d 1263 (D. Kan. 2005), concluded that "a bill of particulars is unnecessary where the information the defendant seeks is available through 'some other satisfactory form' such as an open file discovery policy." *Id.* at 1278 (citing *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)). Chief Judge Reade concluded in *Davis* that the motion was untimely and that

4

"even if the court construed this as a timely request for a bill of particulars, Defendant has the desired information through discovery." 2011 WL 1885529, at *3.

In *United States v. Sepulveda*, 15 F.3d 1161 (1st Cir. 1993), the Court found that "[m]otions for bills of particulars are seldom employed in modern federal practice." *Id.* at 1192. "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Id.* at 1192-93. Because the defendants in *Sepulveda* "enjoyed the benefits of modified open-file discovery," they were unable to relate on appeal "a concrete instance of inability to prepare, untenable surprise, or other cognizable prejudice stemming from the trial court's refusal to mandate further particulars." *Id.* at 1193.

Turning to the instant action, the Court concludes that Count 4 of the superseding indictment adequately informs Manzano of the nature of the charge with "sufficient precision to enable him to prepare for trial." The Government alleges that during 2012 and 2013 Manzano conspired with others — "whose names are known and unknown to the Grand Jury" — to transport, harbor, and encourage aliens to reside unlawfully in the United States, knowing and in reckless disregard of the fact that one or more of the aliens had come to the United States in violation of law. The indictment then identifies seven overt acts which were allegedly committed in furtherance of the conspiracy.

With the parties' consent, the Court entered a Stipulated Discovery Order (docket number 6), which provides for an expanded discovery file. Defendant's counsel acknowledges in the motion for bill of particulars that he has access to "the voluminous discovery file consisting of thousands of pages." According to Defendant:

> There are upwards of one hundred persons named in the open file discovery from the bankers and tellers who cashed pay checks of suspected illegal workers, local police who allowed workers to remain in the country, those who rented them homes or resided with them, other employers of the same

> persons, medical persons who provided care for workers, the general contractor and employees of the general contractor on each job site, OSHA employees who trained persons alleged to be illegal to work certifications, and a myriad of other persons.

Defendant's Reply (docket number 29) at 1, ¶ 2.

Defendant asks that the Government be required to go through the list of "upwards of one hundred persons" and identify who is a part of the alleged conspiracy and who is not. The Court concludes that the Government is not required to do so by the rules or the cases. The superseding indictment adequately advises Defendant of the nature of the charge, and the discovery file provides Defendant with the evidence which the Government believes supports the charge. Nothing more is required. Accordingly, the motion for bill of particulars will be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Bill of Particulars (docket number 23) filed by Defendant is **DENIED**.

DATED this 13th day of May, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA