# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 14-CR-2011-LRR |
| vs. | ‖ | **ORDER** |
| JUAN CARLOS MANZANO-HUERTA, | ‖ | |
| Defendant. | ‖ | |

_____

## *I. INTRODUCTION*

The matters before the court are Defendant Juan Carlos Manzano-Huerta's "Resistance to Motion to Take Deposition, to Reconsider, to Modify Order, and for Fees and Costs" ("Resistance") (docket no. 10) and the government's "Motion to Release Material Witness to Immigration Detainer" ("Motion to Release") (docket no. 24).

## *II. PROCEDURAL HISTORY*

On March 28, 2014, the government filed a "Joint Motion to Depose Witness to Preserve Testimony for Trial" (docket no. 8)[1]. On April 2, 2014, the court granted the government's Joint Motion to Depose Witness to Preserve Testimony for Trial. April 2, 2014 Order (docket no. 12). On April 4, 2014, Defendant filed the Resistance. On April 8, 2014, the government filed a Response (docket no. 11). On April 11, 2014, Defendant filed a "Notice Regarding Deposition" (docket no. 12), indicating that the parties had scheduled a date for the deposition and requesting prompt reconsideration of the April 2, 2014 Order. On May 2, 2014, the government filed the Motion to Release. On that same

---

[1] The government's motion was joint between the government and the material witness, Elvin Alberto-Monge, not between Defendant and the government.

date, Defendant filed a Response to the Motion to Release (docket no. 26). The matters are fully submitted and ready for decision.

### III. ANALYSIS

#### A. *Resistance*

The court first notes that because he failed to comply with the Local Rules, Defendant did not properly move the court to reconsider its April 2, 2014 Order. *See* LCrR 47(a) ("Local Rule 7 governs motion procedure in criminal cases . . . ."); LR 7(e) ("A resistance to a motion may not include a separate motion or a cross-motion by the responding party. Any separate motion or cross-motion must be filed separately as a new motion."). Consequently, Defendant's failure to comply with the Local Rules has rendered many of his arguments moot. Despite this failure, the court will address the Resistance and the relief requested therein.

In the Resistance, Defendant argues that: (1) the government has failed to show "both that there are 'exceptional circumstances' and that the deposition is 'in the interest of justice'"; (2) the court should "make clear that it is not ruling at this time on the future admissibility of the deposition at trial"; (3) the court should order the government to "pay the costs of the [deposition] transcript, pay Defendant's and his attorney's subsistence and travel expenses associated with the deposition . . . [and] attorney fees."; and (4) the court does not have the authority to compel Defendant to be personally present at the deposition. Resistance at 2-4. In the Response, the government argues that it has met its burden of showing exceptional circumstances, the April 2, 2014 Order already made clear that it was not ruling on the admissibility of the deposition transcript at trial, the court has the power to compel Defendant to be personally present at the deposition and the court should not order the government to pay subsistence, deposition costs, travel expenses and attorney's fees.

### 1. *Exceptional circumstances*

Defendant first argues that the government failed to show that exceptional circumstances existed to preserve Alberto-Monge's trial testimony by means of a deposition. This argument borders on the frivolous. "To establish exceptional circumstances, the moving party must show the witness's unavailability and the materiality of the witness's testimony." *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006); *see also* Fed. R. Crim. P. 15(a)(1). Defendant concedes that "[t]here is no materiality issue here." Resistance at 2. The court finds that the government has demonstrated that Alberto-Monge would be unavailable to testify at trial because he is "an alien who will be subject to removal from the United States upon providing testimony pursuant to the material witness order." Response at 4. Accordingly, the government has demonstrated that "exceptional circumstances" exist as contemplated by Federal Rule of Criminal Procedure 15(a)(1), and the court shall deny Defendant's Resistance to the extent it moves the court to reconsider its April 2, 2014 Order finding that exceptional circumstances exist and granting the motion to depose.

### 2. *Admissibility of deposition testimony at trial*

Defendant requests that the court clarify its April 2, 2014 Order as to the admissibility of the deposition at trial. The court deems it appropriate to do so. "An order authorizing a deposition to be taken under [Federal Rule of Criminal Procedure 15] does not determine its admissibility. A party may use all or part of a deposition as provided by the Federal Rules of Evidence." Fed. R. Crim. P. 15(f). Nothing in the April 2, 2014 Order suggested that the court was ruling on the admissibility of the deposition at trial. Pursuant to Rule 15(f), the court will rule on the admissibility of the deposition at the appropriate time pursuant to the Federal Rules of Evidence.

### 3. *Costs of deposition*

Defendant requests that the court order the government to pay "the costs of the transcript, pay Defendant's and his attorney's subsistence and travel expenses associated with the deposition . . . [and] attorney fees." Resistance at 4.

> If the deposition was requested by the government, the court may—or if the defendant is unable to bear the deposition expenses, the court must—order the government to pay: (1) any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition; and (2) the costs of the deposition transcript.

Fed. R. Crim. P. 15(d) (formatting omitted). Here, there is no evidence that Defendant is unable to bear the burden of deposition expenses. Therefore, the court has discretion about whether to order the government to pay deposition costs. Because it sought to have Defendant and Defendant's attorney be personally present at the deposition, the court finds that the government shall be directed to pay the reasonable travel and subsistence expenses of Defendant and Defendant's attorney. However, the court will not order the government to pay Defendant's attorney's fees incurred because of the deposition. Accordingly, the Resistance shall be granted to the extent it seeks reasonable travel and subsistence expenses of Defendant and Defendant's attorney as well as the costs of the deposition transcript. The Resistance shall be denied to the extent it seeks attorney's fees.

### 4. *Defendant's personal presence at deposition*

Defendant argues that the court did not have the authority to order Defendant's presence at the deposition. Because Defendant and Defendant's attorney participated in the deposition of Alberto-Monge, this argument is moot. Nonetheless, the court notes that "[i]f the government tenders the defendant's expenses as provided in Rule 15(d) but the defendant still fails to appear, the defendant—absent good cause—waives both the right to appear and any objection to the taking and use of the deposition based on that right." Fed. R. Crim. P. 15(c)(2). Therefore, because Defendant has not shown good cause, if

4

Defendant had not participated in the deposition, he would have waived his right to appear and any objections to the taking of the deposition and the use of the deposition based on his right to appear. Given the rights at issue, the court properly instructed Defendant when it instructed him "to personally appear at the deposition unless he waives in writing his right to be present." April 2, 2014 Order at 1. So, even if this issue were not moot, Defendant would have been required to either participate in the deposition or waive his right to participate in it. Accordingly, the court shall deny the Resistance to the extent it argues that the court does not have authority to compel Defendant's personal presence at the deposition.

### B. Motion to Release

The government requests that the court release Alberto-Monge because he "has now signed the deposition and certified that the 76 pages of typewritten material is a true and correct transcription of his deposition." Motion to Release at 2; *see also* Fed. R. Crim. P. 15(a)(2) ("The court may . . . order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript."). Defendant has responded to the Motion to Release by reasserting the same arguments made in his Resistance. *See* Response to the Motion to Release at 1. Because Defendant does not appear to resist the government's Motion to Release, the Motion to Release shall be granted.

### IV. CONCLUSION

In light of the foregoing, the court hereby **ORDERS**:

(1) The directives included in the April 2, 2014 Order are reaffirmed.

(2) Defendant Juan Carlos Manzano-Huerta's "Resistance to Motion to Take Deposition, to Reconsider, to Modify Order, and for Fees and Costs" (docket no. 10) is **DENIED IN PART and GRANTED IN PART.**

(3) The government is **DIRECTED** to pay:
   (a) Any reasonable travel and subsistence expenses of Defendant and Defendant's attorney to attend the deposition; and
   (b) The costs of the deposition transcript.
(4) The government's "Motion to Release Material Witness to Immigration Detainer" (docket no. 24) is **GRANTED.** Elvin Alberto-Monge is hereby released to the pending Immigration and Customs Enforcement detainer.

**DATED** this 21st day of May, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA